UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KARRA BARRETT,

        Plaintiff,

        v.

ZURICH AMERICAN INSURANCE
COMPANY,

        Defendant.
_____

21-CV-484-LJV
DECISION & ORDER

## **BACKGROUND**

On March 17, 2021, the plaintiff, Karra Barrett, commenced this action in the Supreme Court of the State of New York, County of Erie.  Docket Item 1-1.   She alleges that the defendant, Zurich American Insurance Company ("Zurich"), breached its insurance contract by failing to pay benefits to her and acted in bad faith in handling her insurance claim.  *Id.*  Barrett seeks actual, compensatory, consequential, and punitive damages.  *Id.*

On April 13, 2021, Zurich removed this action to this Court.  Docket Item 1.  Two weeks later, Zurich moved to strike certain allegations from Barrett's complaint and to dismiss Barrett's claim of bad faith and her request for punitive damages.  Docket Items 2 and 2-2.  On June 9, 2021, Barrett responded, withdrew her claim for punitive damages, and requested leave to file an amended complaint.  Docket Items 5 and 5-1.  On June 24, 2021, Zurich replied.  Docket Items 6 and 6-1.

For the following reasons, Zurich's motion to strike is denied, its motion to dismiss Barrett's claim for punitive damages is denied as moot, and the remainder of its motion will be granted unless Barrett amends her complaint to correct the deficiencies noted below.

## FACTUAL ALLEGATIONS

On a motion to dismiss, the Court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff." *Trustees of Upstate New York Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016) (citing *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014)).  The complaint tells the following story about a car accident and subsequent insurance claim.

On April 1, 2018, Barrett was a passenger in Abbas Hossainy's car.  Docket Item 1-1 at ¶¶ 6, 9, 12.  Hossainy was driving on I-90 when a vehicle driven by Demetrius L. Bembry negligently rear-ended Hossainy's vehicle.  *Id.* at ¶¶ 12-14.  As a result of the accident, Barrett suffered "serious injuries."  *Id.* at ¶ 16.

On the date of the accident, Hossainy had an active insurance policy with Zurich that included supplementary uninsured/underinsured motorist bodily injury protection (the "SUM coverage") in the amount of one million dollars.  *Id.* at ¶ 7.  The policy covered Hossainy as well as those lawfully occupying Hossainy's vehicle.  *Id.* at ¶ 8.  After the accident, Barrett notified Zurich of her intention to pursue a claim under the SUM coverage.  *Id.* at ¶ 19.

Zurich then gave Barrett permission to resolve the underlying bodily injury claim for the $100,000 available under Bembry's insurance policy with Allstate.  *Id.* at ¶ 20.

But the $100,000 available under Bembry's policy was insufficient to cover all of Barrett's injuries. *Id.* at ¶¶ 21, 24. Barrett therefore sought additional payments from Zurich under the SUM coverage, but Zurich failed to make payment to her and acted in bad faith in handling her SUM claim. *Id.* at ¶¶ 24, 30-31. Separate from her SUM claim, Barrett also requested and received payments from Zurich under the no-fault coverage of Hossainy's policy. *Id.* at ¶¶ 25-29.

## DISCUSSION

### I. MOTION TO STRIKE

Zurich moves to strike Barrett's allegations in the complaint regarding her application for and receipt of no-fault benefits because they "are immaterial, impertinent, and inadmissible in this action." Docket Item 2-2 at 3.

Federal Rule of Civil Procedure 12(f) provides that a district court may strike from a pleading anything that is "immaterial, impertinent, or scandalous." Motions under this section are generally disfavored. *See, e.g.*, *Marshall v. N.Y. State Pub. High Sch. Athletic Ass'n, Inc.*, 290 F. Supp. 3d 187, 204 (W.D.N.Y. 2017). To succeed on a motion to strike, the defendant "must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Britt v. Buffalo Mun. Hous. Auth.*, 2008 WL 4501929, at *1 (W.D.N.Y. Sept. 30, 2008).

Zurich argues that no evidence in support of the allegations would be admissible and that the application for and receipt of no-fault benefits have no bearing on this case. Docket Item 2-2 at 3-4. But it does not explain how permitting these allegations to stand

would prejudice Zurich.  *Id.*  Although it explains the public policy rationale for barring certain uses of no-fault payments at trial, *see id.*, it does not say how permitting the allegations to remain would result in prejudice.  *See Britt*, 2008 WL 4501929, at *1 ("Concerns that a jury may be prejudiced by allegations in a complaint are [] insufficient, as the Court does not submit pleadings to a jury in civil cases.").

What is more, the no-fault payments are part of the story of the accident, Barrett's injuries, and her compensation for those injuries.  And in the absence of prejudice to Zurich, there is no reason to keep that part of the story secret.  In sum, because Zurich has failed to demonstrate why the allegations would result in prejudice, its motion to strike is denied.

## II.    MOTION TO DISMISS

Zurich also moves to dismiss Barrett's claim that Zurich acted in bad faith.  Docket Item 2-2 at 5.

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

In response to Zurich's motion to dismiss, Barrett argues that "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be

asserted . . . when the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting." Docket Item 5 at 7. Although that statement of New York law may be true,[1] that does not resolve the issue here. To the extent that Barrett asserts a separate claim for the bad faith denial of coverage in addition to her claim for breach of contract, that claim will be dismissed unless she amends her complaint to correct the deficiencies noted below.

The New York Court of Appeals has held that "implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims." *Bi–Economy Mkt. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 194, 886 N.E.2d 127, 131 (2008) (internal quotation marks and citation omitted). For that reason, breach of the covenant of good faith and fair dealing is part of a breach of contract claim, and New York does not recognize a separate claim for breach of the covenant of good faith and fair dealing when a breach of contract claim based on the same facts is pled. *Kurzdorfer v. GEICO General Ins. Co.*, 2013 WL 434186, at *2 (W.D.N.Y. Feb. 4, 2013). But New York does recognize an independent claim for an insurer's extra-contractual bad faith when a plaintiff alleges that: "(1) the insurer denied coverage as a result of 'gross negligence'; and (2) the insurer lacked even an 'arguable'

---

[1] In a diversity case such as this, the Court applies the substantive law of the state whose law would apply under choice-of-law rules—here, New York State. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999); *see, e.g., Toussie v. Allstate Ins. Co.*, 2016 WL 6537670, at *2 (E.D.N.Y. Nov. 3, 2016). The parties both rely on New York law in their briefs, *see* Docket Items 2-2, 5, and 6-1, and do not dispute that New York law applies in this action.

basis for denying coverage under the standards of a reasonable insurer." *Id.* (citing *Sukup v. New York*, 19 N.Y.2d 519, 227 N.E.2d 842 (1967)).

Here, Barrett has brought a breach of contract claim, Docket Item 1-1 at ¶ 31, and generally alleges that Zurich "acted in bad faith" in "handling [her] SUM claim," *id*. But she has not alleged or explained how the denial of coverage resulted from gross negligence or why Zurich lacked any "'arguable' basis for denying coverage." *See Kurzdorfer*, 2013 WL 434186, at *2. Nor has she pleaded facts in support of her bad faith claim separate from those upon which her breach of contract claim is based. In fact, each time Barrett references "bad faith," it is in the same paragraph as her allegations that Zurich breached its contract. *See* Docket Item 1-1 at ¶¶ 31, 40. What is more, Barrett's response to Zurich's motion seems to concede that her claim for bad faith is no different than her breach of contract claim—and, in fact, is part and parcel of it.[2] Barrett therefore has not pleaded a bad faith claim independent from her breach of contract claim, and that claim will be dismissed unless corrected in the amended complaint.

### III. LEAVE TO AMEND

In her response, Barrett asks for leave to replead if this Court dismisses her bad faith claim. Docket Item 5 at 6-7. Zurich replies that leave to amend is not appropriate

---

[2] Barrett's response focuses on how one may recover consequential damages for breach of an insurance contract, but it does not argue that she has pleaded an *independent* claim for bad faith. *See* Docket Item 5 at 7-8. In other words, Barrett seems to suggest that she is entitled to certain damages as the result of Zurich's breach of its insurance contract as well as that contract's implied covenant of good faith and fair dealing, but she does not suggest that she has separate claims for each.

6

because Barrett did not file a formal motion to amend and failed to provide a copy of any proposed amendment.  Docket Item 6-1 at 6-7.

Under Federal Rule of Civil Procedure 15(a)(2), a "court should freely give leave [to amend] when justice so requires."  Local Rule 15(a) requires that "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion."  That said, this Court recognizes that "[n]arrow pleading rules should not be applied to foil an honest plaintiff's efforts to gain redress."  *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968).

 On the one hand, "[w]ithout doubt, [the Second] [C]ircuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)."  *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).  Moreover, the Second Circuit "has indicated that where a plaintiff clearly has expressed a desire to amend, a lack of a formal motion is not a sufficient ground for a district court to dismiss without leave to amend."  *Id.*  On the other hand, "[a] counseled plaintiff is not necessarily entitled to a remand for repleading whenever [s]he . . . indicate[s] a desire to amend h[er] complaint, notwithstanding the failure of [her] counsel to make a showing that the complaint's defects can be cured."  *Id.*

In the end, it is "within the sound discretion of the court whether to grant leave to amend."  *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994).  Although Barrett has not filed a formal motion to amend her complaint, the Court grants her leave to replead.  This is Barrett's first request to amend her complaint, her complaint was removed from state to federal court, and she seeks to "amend her

pleading to align with [] [f]ederal pleading standards." Docket Item 5 at 6-7. In addition, there is little prejudice to the defendant by granting leave to amend. This action is less than a year old and in the early stages of litigation. And because leave to amend should be "freely given" whenever a complaint is dismissed, *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), even if this Court were inclined to deny Barrett's request to amend for the technical reason raised by Zurich, it would dismiss the bad faith claim without prejudice—that is, giving Barrett the opportunity to ask for leave to amend. Therefore, Barrett may file an amended complaint, within 60 days, that corrects the deficiencies noted above.

## **CONCLUSION**

For the reasons stated above, Zurich's motion to strike, Docket Item 2, is DENIED, and its motion to dismiss Barrett's claim for punitive damages, *id.*, is DENIED as moot. The remainder of Zurich's motion to dismiss will be granted unless Barrett amends her complaint, within 60 days, to correct the deficiencies noted above. No later than 30 days after any amended complaint is filed, Zurich may answer, move against, or otherwise respond to the amended complaint. If Barrett does not file an amended complaint within 60 days, then her separate claim for bad faith will be dismissed without further order.

SO ORDERED.

Dated: January 7, 2022
       Buffalo, New York

                                        _/s/ Lawrence J. Vilardo_
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE