**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**KARRA BARRETT**

**Plaintiff,**

**v.** **21-CV-484(Sr)**

**ZURICH AMERICAN INSURANCE COMPANY,**

**Defendant.**

---

**DECISION AND ORDER**

Prusuant to 28 § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #14.

Plaintiff commenced this action in New York State Supreme Court, County of Erie, on March 17, 2021 by filing a Summons and Complaint alleging that defendant failed to pay supplemental uninsured/underinsured motorist ("SUM/UM"), bodily injury insurance benefits to plaintiff, a passenger in a motor vehicle driven by defendant's policyholder, following settlement of a personal injury claim with the driver of the motor vehicle which struck the policyholder's motor vehicle from behind on April 1, 2018. Dkt. #1-1. The matter was removed to this Court on April 13, 2021 in accordance with 28 U.S.C. § 1446, based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Dkt. #1.

By emails to plaintiff's counsel dated May 20, 2021, August 13, 2021, October 1, 2021, October 13, 2021 and November 30, 2021, defendant requested copies of the release and stipulation of discontinuance of the underlying personal injury claim. Dkt. #15-4.

On March 24, 2022, in accordance with Judge Vilardo's Decision and Order affording plaintiff 60 days to amend the complaint and affording defendant 30 days thereafter to answer (Dkt. #7), defendant served its Answer on plaintiff's counsel, along with Omnibus Discovery Demands and a First Set of Interrogatories. Dkt. #15-1, ¶ 16.

By letter to plaintiff's counsel dated May 9, 2022, defense counsel enclosed a proposed Case Management Order and proposed Consent to the Jurisdiction of a Magistrate and requested responses to defendant's discovery demands, as well as a copy of the signed release and stipulation of discontinuance of the underlying personal injury claim. Dkt. #15-4, p.7.

By email dated May 24, 2022, defense counsel requested a response to his May 9, 2022 letter. Dkt. #15-4, p.8. Plaintiff's counsel signed the Consent to Jurisdiction by a Magistrate Judge on May 24, 2022. Dkt. #14.

On May 25, 2022, the Court entered a Case Management Order setting June 24, 2022 as the deadline for initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Dkt. #13.

By email dated June 16, 2022, defense counsel provided plaintiff's counsel with a First Notice to Produce and requested a response to defendant's discovery demands "to avoid the need for a motion." Dkt. #15-8. Defense counsel also repeated his request for the stipulation of discontinuance and release for the underlying personal injury claim. Dkt. #15-8.

By email dated July 15, 2022, defense counsel advised plaintiff's counsel that plaintiff's Rule 26 disclosures and responses to defendant's discovery demands and request for the stipulation of discontinuance and release from the underlying personal injury claim were "long overdue" and asked plaintiff's counsel to "serve them immediately to avoid the need for a motion." Dkt. #15-4, p.9.

On July 18, 2022, defendant moved to strike plaintiff's complaint and dismiss the action for failure to serve timely Rule 26 disclosures and responses to defendant's discovery demands. Dkt. #15. Defendant seeks to compel discovery responses and obtain expenses and fees incurred in bringing this motion as set forth in Rule 37(a)(5) of the Federal Rules of Civil Procedure. Dkt. #15.

The Court issued a Text Order directing plaintiff to respond to the motion by August 19, 2022. Dkt. #16.

On December 22, 2022, plaintiff's counsel affirmed that he had taken over the handling of this matter going forward and explained that "[d]ue to a clerical error

with our firm's PACER account, which has been rectified," the prior attorney within the law firm was unaware of defendant's motion. Dkt. #21, ¶ 9. Plaintiff's counsel further affirmed that he was complying with the scheduling order and had provided outstanding discovery to defense counsel. Dkt. #21, ¶¶ 11-13; Dkt. #21-3 & Dkt. #21-4

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Although the Court accepts the affirmation of plaintiff's counsel that his law firm was unaware of the motion because plaintiff's counsel was not receiving notifications from the Court's Case Management/Electronic Case Files ("CM/ECF"), system due to a "clerical error," that does not excuse the failure of plaintiff's counsel to respond to defense counsel's discovery demands, thereby necessitating such motion.

The Court notes that plaintiff's counsel does not deny that his law firm received defendant's discovery demands and defendant's repeated requests, by mail and email, for responses to defendant's outstanding discovery demands. Accordingly, the Court finds it appropriate to order plaintiff's counsel to pay reasonable expenses, including attorney's fees, related to the filing of this motion. If the parties are unable to agree to the amount of reasonable expenses, defendant's counsel shall submit an affirmation setting forth such expenses no later than **July 14, 2023**.

**SO ORDERED.**

**DATED: Buffalo, New York**
**June 8, 2023**

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**